ADAMO AIELLO *et al. vs.* CONSTANTINO MONTECALFO *et al.*

PROVIDENCE—DECEMBER 18, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Wrongful Assumption by Corporation of Name of Organization. Injunction.*

A bill stating that the complainants, a voluntary association organized under a certain name for the purpose in part of giving dramatic entertainments, have advertised and are well known as a society, and have from time to time given dramatic entertainments ; that the respondents

have obtained a charter for a corporation under the same name for the purpose of giving dramatic entertainments, with the intent to injure the complainants and to obtain the benefit that might be derived from the name, and have caused and will cause great loss to the complainants, sets forth cause for equitable relief.

(2) *Corporations. Revocation of Charter.*

Gen. Laws R. I. cap. 176, § 11, clause 2, does not justify a corporation in assuming the name of an existing voluntary association or organization, and in so doing the corporation acts at its peril.

The effect of an injunction against the use of the corporate name is not to revoke the charter; the corporation may still exist and enjoy its franchises, except in the wrongful use of the name assumed, and may choose another name.

Affirming *Armington & Sims* v. *Palmer*, 21 R. I. 109.

BILL IN EQUITY for an injunction to restrain the use by a corporation of a name identical with that of the complainants, a voluntary association. Heard on demurrer to bill. Demurrer overruled.

(1)    MATTESON, C. J.   The first ground of demurrer is that the bill discloses no cause for equitable action, because equity will not interfere except in cases of substantial monetary damage and to a continuing business.   The bill, however, sets forth that the complainants have, since January 8, 1899, maintained their organization as a club or society for the purpose, in part, of giving dramatic entertainments; that they have advertised themselves and are well known as a club or society in the city of Providence, and especially among the Italian residents of that city, and that they have from time to time given dramatic entertainments in the city of Providence; that the action of the respondents, in wrongfully appropriating the name of the society, has caused and will cause great loss and damage to the complainants.   We think that under these allegations it is competent for the complainants to show their purpose to continue to give dramatic entertainments from time to time, as it is averred they have done in the past, and to derive pecuniary compensation from such entertainments, and that the taking of their name by the respondents has already caused them pecuniary loss and will be likely to do so in the future.

(2)    The second ground of demurrer is that the bill seeks practically to revoke, at the suit of private persons, the charter given the respondents by the secretary of state, which can only be done by the legislature or at the suit of the State. This ground is not tenable. The theory of the respondents is that, under Gen. Laws R. I. cap. 176, § 11, clause 2, which provides that the written articles of association shall express "the name by which it shall be known, which name shall not then be in use by any existing corporation of the State," they had the right to take the name of the complainants' society, and that consequently they cannot be deprived of the right to use the name except by the legislature or at the suit of the State. We do not think that this provision justified the respondents in assuming the name of the complainants' society, although it was not a corporation, and we think that in assuming it they did so at their peril and thereby exposed themselves to suit and the liability to be enjoined upon its appearing that they have violated the property rights of others. The argument that the bill is an attempt to revoke the charter cannot avail. The same argument was advanced in *Armington & Sims* v. *Palmer*, 21 R. I. 109, in which it was held that under Gen. Laws R. I., cap. 176, § 7, the corporation, if enjoined from the use of the name it had chosen, might still exist and enjoy its franchise, except in the wrongful use of the name it had chosen, and might choose another name.

Demurrer overruled.

*James A. Williams*, for complainants.

*J. J. Nolan, Jr.*, for respondents.